IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRODERICK GAMBLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:22-CV-399-P(BJ) |
| | § | |
| RONALD GARY CRABTREE, et al., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Broderick Gamble ("Plaintiff") has filed a civil case. ECF No. 3. Although originally filed in the Dallas division, by Order issued May 9, 2022, the case was transferred to this the Fort Worth Division. ECF No. 5. Resolution of preliminary matters was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.    NATURE OF THE CASE

This case is a new civil action.

B.    PARTIES

Broderick Gamble is the Plaintiff. Plaintiff lists as defendants Ronald Gary Crabtree and Robert Judson Rockett. ECF No. 3.

C.    LEGAL ANALYSIS

*Pro se* plaintiff Broderick Gamble accompanied his complaint with a motion for leave to proceed in forma pauperis. ECF No. 4. Gamble's in-forma-paupers motion was wholly incomplete because he provided no answers to the questions and sections of the motion. *Id.* The Court thus issued an Order and Notice of Deficiency on May 12, 2022, directing Gamble to either pay the filing and administrative fees or file an amended IFP application with complete answers to each question in the long-form in-forma-pauperis application. ECF No. 8. The Court warned Gamble that the motion to proceed in forma pauperis could be denied if he failed to respond. ECF No. 8. Gamble did not then respond to that order. As a result, the Court issued a second Order for Gamble to either pay the $402.00 filing and administrative fees or fully complete and re-submit a long-form application to proceed in forma pauperis on or before June 1, 2022. That second deficiency order expressly informed Gamble that "[f]ailure to timely comply with this Order could result in the dismissal of the case without further notice pursuant to Federal Rule of Civil Procedure 41(b)." ECF No. 10. Although Plaintiff filed another long-form in forma pauperis motion with attachment pages on May 26, 2022, review of that IFP form shows that Gamble again wholly failed to provide any answers to the questions about his income, assets, and expense. ECF No. 13. Because Plaintiff has wholly failed to pay the applicable fees or properly complete the in-forma-pauperis application, he has failed to comply with this Court's orders.[1]

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.

---

[1] Although Gamble also filed other documents (ECF Nos. 12, 14, and 15), neither the motion or other document provide any responsive information to the Courts' prior orders.

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Because Plaintiff has failed to comply with this Court's deficiency orders, this case may be dismissed for failure to comply with a Court order and for lack of prosecution under Federal Rule of Civil Procedure 41(b).

RECOMMENDATION

It is therefore **RECOMMENDED** that that all of Plaintiff's claims be **DISMISSED** for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS,
AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

It is further **ORDERED** that the above-styled and numbered action, previously referred to the undersigned for findings, conclusions, and recommendation, be and is hereby, **RETURNED**

3

to the docket of the United States District Judge.

SIGNED June __7__, 2022.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE